**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**
_____

JEFFREY LAMOTHE,

                          Plaintiff,

        v.                                              2:23-CV-00029 (TJM/CFH)

RUTLAND SHERIFFS DEPARTMENT,

                          Defendant.
_____

**APPEARANCES:**

Jeffrey Lamothe
17 Potter Ave., Apt. B
Granville, New York 12832
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

      Plaintiff commenced this action on January 27, 2023, by filing a complaint (Dkt. No. 1-1) and application for leave to proceed in forma pauperis ("IFP") (Dkt. No. 1).[1] On February 2, 2023, the District of Vermont disqualified itself and ordered that this case be reassigned to a U.S. District Judge in the Northern District of New York. See Dkt. No. 2. On February 16, 2023, this matter was assigned to Senior U.S. District Judge Thomas J. McAvoy. See Dkt. No. 4. On May 9, 2023, this matter was referred to the

---

[1] Plaintiff has recently filed 12 actions in this District. See Lamothe v. Brown, 5:22-CV-161; Lamothe v. Bankruptcy Court, 5:22-CV-162; Lamothe v. Bankruptcy Court U.S. Trustee, 5:22-CV-163; Lamothe v. Cooper, 5:22-CV-164; Lamothe v. Federal Court Clerk, 2:22-CV-220; Lamothe v. Federal Court Clerks, 2:23-CV-28; Lamothe v. Rutland Sheriffs Department, 2:23-CV-29; Lamothe v. Rutland Sheriffs Department, 2:23-CV-30; Lamothe v. Rutland Superior Court Clerks, 2:23-CV-31; Lamothe v. Rutland City Hall Social Security, 2:23-CV-32; Lamothe v. Federal Court Clerks of Vermont, 2:23-CV-33; Lamothe v. Federal Court Clerks, 2:23-CV-40. On June 16, 2023, Chief Judge Geoffrey W. Crawford enjoined plaintiff from filing any new actions in the U.S. District Court, District of Vermont without first obtaining leave from the Chief Judge. See 5:22-CV-161 (TJM/CFH), Lamothe v. Brown, Dkt. No. 19.

undersigned. See Dkt. No. 5. Presently pending for review is consideration of plaintiff's IFP application, and, if granted, review of the complaint pursuant to 28 U.S.C. § 1915.

## I. **In Forma Pauperis**

After reviewing plaintiff's IFP application, Dkt. No. 1-1, the Court concludes that plaintiff financially qualifies to proceed IFP.[2] Accordingly, the undersigned proceeds to review the complaint.

## II. **Relevant Legal Standards**

Section 1915(e)[3] of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action. Where the plaintiff is proceeding pro se, the court must consider the claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)). It

---

[2] Plaintiff is advised that in forma pauperis status does not cover any costs and fees that may be associated with this matter, including, but not limited to, any copying fees that may be incurred.
[3] The language of section 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). However, courts have construed that section as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002). Accordingly, a financial assessment and, if determined to be financially qualified, an initial review of the complaint pursuant to section 1915 is required of all plaintiffs who seek to proceed IFP, regardless of their incarceration status.

is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Matheson v. Deutsche Bank Nat'l Tr. Co., 706 F.Appx. 24, 26 (2d Cir. 2017) (summary order) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) (Where the plaintiff proceeds pro se, a court is "obliged to construe his pleadings liberally.") (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)). However, this approach "does not exempt a [pro se litigant] from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). The Court may not "invent factual allegations that [the plaintiff] has not pled." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

"The [Second Circuit]'s 'special solicitude' for pro se pleadings, Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994), has its limits, because pro se pleadings still must comply with Rule 8(a) of the Federal Rules of Civil Procedure." Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019).[4] Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a

---

[4] As copies of this case have been provided to plaintiff along with each Report-Recommendation & Orders filed in his other cases, the Court will not be sending another copy of this unpublished case at this time.

short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

> Further, Rule 10 of the Federal Rules provides:
>
> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

> "In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 556 U.S. 622, 678 (2009). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" does not suffice." Id. (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order). Indeed, a complaint that fails to comply with these pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

### III. **Complaint**

Plaintiff's one-page, handwritten complaint provides that the "project title" is "unlawfull [sic] eviction." Dkt. No. 1-1. It is "addressed to" "Federal Court Clerks," "Vermont Attorney Generals," and "Senators Sanders." It refers to an "unlawfull [sic] eviction" from December 2013, "while I had been in bankruptcy court, servicing of docket 22:CV-3402, aswell [sic] as default, timely manner on four other account documents 22:CV-0402, 22:CV-04176, 22:CV-04127, 22:CV-04177, 22:CV-04178, as accomplice too." Id. As plaintiff has done in many of his earlier-filed cases, he then includes what he refers to as a "motion" seeking an award of "summary judgement" "at no cost to myself thee [sic] sums of thee [sic] last motion on thee [sic] above docket numbers of equal value, asfore [sic] full payment will stop all forward motions aswell [sic] as malpractice an [sic] criminal charges, as thee [sic] motions of summary judgement will be altered multiple times." Id.

Plaintiff's complaint is in violation of Rules 8 and 10 of the Federal Rules of Civil Procedure, detailed above. Plaintiff provides almost no facts or context for his complaint, and fails to explain (1) how the named defendants were involved in any kind of violation of a federal law or right, (2) the relevancy of the apparent case numbers he cites, or (3) how claims that may be related to an eviction from 2013 would not be time barred. Given that the complaint is so devoid of facts, it does not suffice to "give the defendants adequate notice of the claims against them" are subject to dismissal. Sheehy, 335 F. App'x at 104.

Further, plaintiff's earlier filed case, <u>Lamothe v. Brown</u> ("<u>Lamothe I</u>"), 5:22-CV-161[5], also makes multiple references to an eviction, possibly in December 2013, involving the Rutland Sherriff's Department.  After reviewing what appeared to be eviction-related claims in that case, the Court dismissed the complaint without prejudice and with leave to amend, noting that (1) it was not clear when the eviction occurred to be able to assess the viability of the claim under statute of limitations grounds,[6] and (2) there was not sufficient factual or contextual support such that the Court could assess whether the plaintiff was attempting to claim that an eviction violated his constitutional rights or whether he sought to bring the claim under Vermont law.  <u>See</u> 5:22-CV-161 (TJM/CFH), <u>Lamothe v. Brown</u>, Dkt. Nos. 9, 13.  Plaintiff did not amend his complaint in that action, and the case was closed.  <u>See</u> 5:22-CV-161 (TJM/CFH), <u>Lamothe v. Brown</u>, Dkt. No. 17.  Given plaintiff's demonstrated pattern of commencing multiple actions involving what are very likely the same allegations, the Court has little doubt that plaintiff's current action is involving the same allegations as those addressed in 5:22-CV-161 (TJM/CFH), <u>Lamothe v. Brown</u>.[7]  Indeed, in the case at hand, plaintiff makes clear that the apparent eviction occurred in December 2013.  <u>See</u> Dkt. No. 1-1.

As this Court set forth in 5:22-CV-161 (TJM/CFH), <u>Lamothe v. Brown</u>:

---

[5] Review of this case was consolidated with 5:22-CV-162 ("<u>Lamothe II</u>"), 5:22-CV-163 ("<u>Lamothe III</u>"), and 5:22-CV-164 ("<u>Lamothe IV</u>"), with the lead case being 5:22-CV-161, and the member cases being 22-CV-162, 5:22-CV-163, and 5:22-CV-164.

[6] The statute of limitations for constitutional violations, brought pursuant to 42 U.S.C. § 1983 is three years.  <u>See, e.g.</u>, <u>Abdel-Fakhara v. Vermont</u>, No. 5:21-CV-198, 2022 WL 4079491, at *9 (D. Vt. Sept. 6, 2022), (acknowledging that a three-year statute of limitations applies to section 1983 claims in Vermont); <u>aff'd</u>, No. 22-2543, 2023 WL 3486236 (2d Cir. May 17, 2023); <u>see</u> <u>Shields v. Gerhart</u>, 155 Vt. 141 (1990) (noting that a three-year state statute of limitations for personal injury actions applies in a § 1983 action).  The Court has provided plaintiff pro se a copy of <u>Abdel-Fakhara</u>.

[7] The undersigned recognizes that his prior action was dismissed without prejudice.

> Federal jurisdiction is only available when (1) a "federal question" is presented, or (2) the plaintiff and all of the defendants are of diverse citizenship and the amount in controversy exceeds $ 75,000. See 28 U.S.C. §§ 1331, 1332.  To invoke federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may properly be invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." New York v. White, 528 F.2d 336, 338 (2d Cir. 1975). When a court lacks subject matter jurisdiction, dismissal is mandatory.  See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). Therefore, although courts "construe a pro se litigant's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." Ally v. Sukkar, 128 F. App'x 194, 195 (2d Cir. 2005) (summary order) (internal citation omitted).

5:22-CV-161 (TJM/CFH), Lamothe v. Brown, Dkt. No. 9 at 15,

Even if plaintiff were able to overcome the statute of limitations issue by demonstrating equitable tolling, he still must demonstrate either diversity jurisdiction or federal question jurisdiction.  Firstly, as the complaint is so sparse and lacking in facts or allegations, the Court cannot determine what claims plaintiff may be seeking to bring and against which defendants.  Addressing diversity jurisdiction first, it appears all named defendants reside in Vermont, plaintiff is a resident of New York State, and plaintiff alleges that the amount in controversy is greater than $75,000.  However, to the extent plaintiff may be seeking to proceed under Vermont law, illegal evictions claims are made against the landlord.  See 9 V.S.A. § 4463, Illegal Evictions ("No landlord may directly or indirectly deny a tenant access to and possession of the tenant's rented or leased premises, except through proper judicial process.").  Thus, to the extent he seeks his claim to be solely about the legality of the arrest, rather than about the execution of any warrant of eviction, it would appear his only claim under state law to redress the eviction would be against his landlord, who is not a named defendant.

Instead, plaintiff appears to be focusing his claims against the Rutland Sherriff's Department, who the Court presumes executed a warrant of eviction. Thus, it would seem that he would seek to proceed under federal question jurisdiction. As for federal question, plaintiff has fully failed to demonstrate how his eviction amounted to a violation of a federal law or constitutional right. To the extent this Court can liberally interpret plaintiff's complaint as potentially seeking to raise a claim for violation of his due process rights, such claim would necessarily fail as currently pleaded because, as this Court has already set forth in 5:22-CV-161 (TJM/CFH), Lamothe v. Brown, dkt. no. 9 at 24-25, he has not provided the Court with sufficient facts to assess such a claim.

Further, as plaintiff names the Rutland County Sheriff's Department as the only defendant, for the reasons set forth in Lamothe v. Brown, 5:22-CV-161 (TJM/CFH), Lamothe v. Brown, dkt. no. 9 at 27, incorporated herein, to set forth a constitutional claim against this municipal defendant, he would only be able to proceed if he brought his claim under Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 665-83, 691 (1978). However, plaintiff has not set forth such a claim.

A court ordinarily should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991). However, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Id. Here, as plaintiff appears to attempt to bring forth a claim or claims related to a December 2013 eviction – matters on which plaintiff was already given an opportunity to amend, see 5:22-CV-161 (TJM/CFH), Lamothe v. Brown, and failed to do so, providing

an opportunity to amend is unlikely to be fruitful.  This is considered along with the fact that, as demonstrated by his multiple nearly vague, unintelligible, and confused actions, it is highly unlikely that he would be able to demonstrate that he can overcome the statute of limitations issue even if he were to amend, provide sufficient facts, and set forth a Monell claim.  Indeed, given plaintiff's past conduct, it is highly likely he would attempt[8] to bring forth a new and nearly identical action alleging similarly insufficient and incomprehensible claims relating to the same allegations.  Accordingly, it is recommended that this case be dismissed with prejudice and without opportunity to amend.

## VI.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application for leave to proceed in forma pauperis, dkt. dkt. no. 1, is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint, Dkt. No. 1-1, be **DISMISSED with prejudice and without an opportunity to amend**; and it is further

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with the Local Rules of Practice.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14) days** within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.  See Roldan v. Racette, 984 F.2d

---

[8]  Given the Order in effect, he would, of course, need to seek permission from the Chief Judge to bring forth a new action.  See 5:22-CV-161 (TJM/CFH), Lamothe v. Brown, Dkt. No. 19.

85, 89 (2d Cir. 1993) (citing <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d 15 (2d Cir. 1989)); <u>see</u> <u>also</u> 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[9]

    Dated: June 26, 2023
          Albany, New York

*/s/ Christian F. Hummel*

---

[9] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. See FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See <u>id.</u> § 6(a)(1)(C).