UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT
_____

JEFFREY LAMOTHE,

                        Plaintiff,

      v.                                            2:23-cv-00029 (AMN/CFH)

RUTLAND SHERIFFS DEPARTMENT,

                        Defendant.
_____

**APPEARANCES:**                                          **OF COUNSEL:**

**JEFFREY LAMOTHE**
17 Potter Avenue, Apt. B
Granville, New York 12832
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       This case was assigned to the United States District Court for the District of New York, following the decision by United States Chief District Judge Geoffrey W. Crawford to disqualify the United States District Court for the District of Vermont pursuant to 28 U.S.C. § 455(a). Dkt. Nos. 2, 4. Plaintiff *pro se* Jeffrey Lamothe filed this action in the District of Vermont, raising claims against the Rutland, Vermont "Sheriffs Department," alleging that the Department violated his rights in relation to an eviction proceeding. Dkt. No. 1-1 ("Complaint"). This Court (McAvoy, J.)[1] referred the matter to United States Magistrate Judge Christian F. Hummel for a Report-Recommendation. Dkt. No. 5.

---

[1] The case was subsequently reassigned to the undersigned. Dkt. No. 8.

Because Magistrate Judge Hummel recommended permitting Plaintiff to proceed *in forma pauperis*, Magistrate Judge Hummel performed an initial review of the Complaint to determine whether service was warranted. In his Report-Recommendation and Order dated June 26, 2023 ("Report-Recommendation"), Magistrate Judge Hummel noted that the Complaint, addressed to "Federal Court Clerks," "Vermont Attorney Generals," and "Senator Sanders," appears to address an alleged "unlawful eviction" that occurred in December 2013. Dkt. No. 6 at 6.[2] The Complaint then moves for "summary judgment." *Id.* Magistrate Judge Hummel found that the Complaint violates the Federal Rules by failing to provide facts or context, making it impossible for a defendant to determine the basis for the claims against that defendant. *Id.* Plaintiff does not explain how the named defendants wronged him, the relevancy of other cases cited in the complaint, and how a 2013 eviction relates to any of the alleged facts. *Id.* Magistrate Judge Hummel also pointed out that Plaintiff filed a 2022 case that also referenced the 2013 eviction and raised claims against the same Defendant. *Id.* at 7; *see also Lamothe v. Brown*, 5:22-cv-161. United States Senior District Thomas J. McAvoy dismissed that case with leave to amend, and Plaintiff did not do so. *Id.* The Clerk of Court then closed the case. *Id.* Here, Magistrate Judge Hummel found that Plaintiff has not demonstrated federal jurisdiction, even if he could somehow avoid the statute of limitations. *Id.* at 7-8. Moreover, because Plaintiff has not set forth a 42 U.S.C. § 1983 claim, he cannot proceed against a municipal department. *Id.* at 9. Magistrate Judge Hummel therefore recommended dismissal. *Id.* at 9-10. Since better pleading would not cure the Complaint's deficiencies, Magistrate Judge Hummel also recommended that dismissal be with prejudice. *Id.* at 10. Last, Magistrate Judge Hummel advised that under 28 U.S.C. § 636(b)(1),

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 10-11.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

**II.    STANDARD OF REVIEW**

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a

legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB)(JCF), 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citations omitted); *accord Caldwell v. Petros*, No. 1:22-cv-567 (BKS/CFH), 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

Plaintiff did not file objections to the Report-Recommendation. Instead, Plaintiff re-filed the Complaint in this case. *Compare* Dkt. No. 1-1, *with* Dkt. No. 7. The Court does not consider re-filing the document that initiated the action as an objection to Magistrate Judge Hummel's conclusion that the Complaint fails to raise a claim upon which relief could be granted. The Court finds that the Report-Recommendation is not subject to attack for clear error. Further, even after *de novo* review, the Court agrees with Magistrate Judge Hummel's findings for the reasons stated in the Report-Recommendation.

Accordingly, the Report-Recommendation is adopted in its entirety.

### IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 6, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's application for leave to proceed *in forma pauperis*, Dkt. No. 1, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1-1, is **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.[3]

**IT IS SO ORDERED.**

Dated: May 8, 2024
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

---

[3] The Clerk has previously provided Plaintiff with copies of all unreported decisions herein.